Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Robert E. Morelli (Tenn. BPR No. 037004)
*Pro Hac Vice Application Forthcoming*
**SCHNEIDER WALLACE**
 **COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

*Attorneys for Plaintiff and the putative Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR FLORES LARIOS and BORYS ARROLIGA, on behalf of themselves and the putative Collective and Class Members,<br><br>        Plaintiff,<br><br>    vs.<br><br>SERVICE MANAGEMENT SYSTEMS, INC.; TOWNSHIP BUILDING SERVICES, INC.; AND TOWNSHIP RETAIL SERVICES, INC.<br><br><br>        Defendants, | Case No. 3:24-cv-05838<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) FAIR LABOR STANDARDS ACT;**<br>**(2) CALIFORNIA LABOR CODE; and**<br>**(3) CALIFORNIA BUSINESS AND PROFESSIONS CODE**<br>**(4) RCW 49.46.005 *et. seq.***<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Salvador Flores Larios and Borys Arroliga, on behalf of themselves and all other similarly situated ("Plaintiffs"), by and through counsel, bring this lawsuit against Service Management Systems, Inc ("SMS"), Township Building Services, Inc. ("Township Building"), and Township Retails Services, Inc. ("Township Retail") (Collectively "Township" or "Defendants") seeking to recover for Defendants' violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); the applicable California Labor Code provisions; the applicable Industrial Welfare Commission ("IWC") Wage Order; the Unfair Business Practices Act, California Business and Professions Code §§ 17200, et seq. ("UCL"); and the applicable Washington laws. Plaintiffs complain and allege as follows:

## INTRODUCTION

1.      This action stems from Defendants' policies and practices of: (1) failing to pay Plaintiffs and putative Collective and Class Members minimum wage for all hours worked; (2) failing to pay Plaintiffs and putative Collective and Class Members overtime wages; (3) failing to provide or make available to Plaintiffs and putative Class Members the meal periods to which they are entitled by law, and failing to pay premium compensation payment for non-compliant meal breaks; (4) failing to authorize and permit rest periods, and failing to pay premium compensation payment for non-compliant rest periods; (5) failing to reimburse Plaintiffs and putative Class Members for business expenditures; (6) failing to provide Plaintiffs and putative Class Members with accurate, itemized wage statements; (7) failing to timely pay all wages upon separation from employment to Plaintiffs and putative Class Members; (8) and engaging in unfair business practices.

2.      Plaintiffs seek full compensation on behalf of themselves and putative Collective and Class Members for all unpaid wages, unpaid overtime, noncompliant meal and rest periods, waiting time penalties, and premium pay.  Plaintiffs also seek declaratory and injunctive relief, including restitution.  Finally, Plaintiffs seek reasonable attorneys' fees and costs under the FLSA, California, and Washington laws.  Plaintiffs seek damages in an amount that exceeds $75,000.00.

## PARTIES

3.      Plaintiff Salvador Flores Larios is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of California.

4.     Plaintiff Borys Arroliga is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of Washington.

5.     Plaintiff Flores Larios was employed by Defendants as a Janitor from approximately November 18, 2021, until February 26, 2024. Plaintiff Flores Larios worked for Defendant in Modesto, California.

6.     Plaintiff Arroliga was employed by Defendants as a Janitor from approximately March 15, 2024, until July 17, 2024. Plaintiff Arroliga worked for Defendants in Seattle, Washington.

7.     Plaintiffs are informed, believes, and thereon alleges that Service Management Systems, Inc., is a Tennessee corporation headquartered in Nashville, Tennessee. SMS is registered to do business in California, does business in California and employs and/or employed hourly, non-exempt employees, including Plaintiffs and the putative Collective and Class Members throughout the United States. SMS may be served with process by serving its registered agent in California, CT Corporation System, 330 N. Brand Boulevard, Glendale, California 91203.

8.     Plaintiffs are informed, believes, and thereon alleges that Township Building Services, Inc. is a California corporation headquartered in Novato, California. Township Building is registered to do business in California, does business in California and employs and/or employed hourly, non-exempt employees, including Plaintiffs and the putative Collective and Class Members throughout the United States. Township Building may be served with process by serving its registered agent in California, Mark Kobata, 1180 South Beverly Drive, Suite 302, Los Angeles, California 90035.

9.     Plaintiffs are informed, believes, and thereon alleges that Township Retail Services, Inc. is a California corporation headquartered in Novato, California. Township Retail is registered to do business in California, does business in California and employs and/or employed hourly, non-exempt employees, including Plaintiffs and the putative Collective and Class Members throughout the United States. Township Retail may be served with process by serving its registered agent in California, Mark T. Kobata, 8730 Wilshire Boulevard, Suite 210, Beverly Hills, California 90211.

10.     Plaintiffs are informed, believes, and thereon alleges that Defendants employ and/or

employed Plaintiffs, Collective and Class Members because Defendants, directly or indirectly, control the employment terms, including pay practices of Plaintiffs, Collective, and Class Members.

11.     Plaintiffs are informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, acting through their agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

12.     Plaintiffs are informed, believes, and thereon alleges that Defendants directly control the operations of their agents, managers, and employees throughout all of their job sites across the United States.

13.     Plaintiffs are informed, believes, and thereon alleges, that Defendants in some manner intentionally, negligently, or otherwise are responsible for the acts, omissions, occurrences, and transactions alleged herein.

14.     At all material times, Defendants have been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

15.     At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

16.     Plaintiffs, Collective, and Class Members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

17.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

18.     Defendants act as employers of Plaintiffs, Collective, and Class Members because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiffs and similarly situated employees.

19.     Here, Defendants have, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

20.     In addition to Plaintiffs, Defendants have employed numerous other employees, who

like Plaintiffs, are engaged in interstate commerce. Further, Defendants are engaged in interstate commerce since they provide janitorial services across the country and conduct business deals with businesses across state lines.

21.     At all material times, Plaintiffs, Collective, and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## JURISDICTION AND VENUE

22.     The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331.

23.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times Defendants have been actively conducting business in the State of California and within the geographic area encompassing the Northern District of California judicial district.

## FACTUAL ALLEGATIONS

24.     Upon information and belief, Service Management Systems, Inc., based out of Nashville, Tennessee specializes in full housekeeping, maintenance, and survey and consultant programs for high-traffic, public facilities Plaintiffs are informed, believe, and thereon allege that Defendant SMS employs hundreds of hourly, non-exempt workers similarly situated to Plaintiffs throughout the United States.

25.     Upon information and belief, Township Building Services, Inc. based out of Novato, California operates full-service facility management, janitorial and engineering services to companies within the western United States. Plaintiffs are informed, believe, and thereon allege that Defendant Township Buildings employs hundreds of hourly, non-exempt workers similarly situated to Plaintiffs throughout the United States.

26.     Upon information and belief, Township Retail Services, Inc. based out of Novato, California offers commercial cleaning and engineering services for national retail chains, grocery stores, and regional retail chains. Plaintiffs are informed, believe, and thereon allege that Defendant Township Retail employs hundreds of hourly, non-exempt workers similarly situated to Plaintiffs throughout the United States.

27.     Plaintiff Flores Larios worked for Defendants as a Janitor in Modesto, California from approximately November 18, 2021, to February 26, 2024. Plaintiff Flores Larios was classified as a non-exempt employee and was paid a rate of approximately $17.50 per hour.

28.     Plaintiff Arroliga worked for Defendants as a Janitor in Seattle, Washington from approximately March 15, 2024, until July 17, 2024. Plaintiff Arroliga was classified as a non-exempt employee and was paid a rate of approximately $24 per hour.

29.     Plaintiffs are informed, believe, and thereon allege that Defendants employ and have employed hundreds of hourly, non-exempt workers similarly situated to Plaintiff in the United States.

30.     Although the Plaintiffs' shifts varied in length, they usually worked approximately seven (7) to eight (8) hours or more per shift for approximately four (4) to five (5) (or more shifts) per week.

31.     Defendants routinely require Plaintiffs, Collective, and Class Members to perform work "off-the-clock" and without compensation. This includes but is not limited to Defendants requiring Plaintiffs, Collective, and Class Members to arrive to job site 15-minutes prior to the start of their scheduled shift. Plaintiffs, Collective, and Class Members are required to arrive at this time to prepare the equipment and to complete other tasks. Additionally, Defendants require Plaintiffs, Collective, and Class Members to continue working after the conclusion of their scheduled shift. Defendants do not compensate Plaintiffs, Collective, and Class Members for this time worked. Plaintiffs, Collective, and Class Members work at least approximately fifteen (15) minutes collecting tools and preparing the cleaning cart for daily use, and 15 to 30 minutes after the conclusion of their scheduled shifts. This results in approximately 30 minutes daily of pre- and post-shift off-the-clock work.

32.     Defendants regularly fail to provide Plaintiffs and putative Class Members with compliant meal periods. Defendants' policies, practices, and/or procedures prevent Plaintiffs and putative Class Members from taking their required 30-minute meal period prior to their fifth hour of work. Defendants require Plaintiffs and Class Members to clock out for meal breaks prior to their fifth hour of work but continue working for the benefit of Defendants. Defendants also required

Plaintiffs and putative Class Members to enter information on timesheets that reflect timely meal periods, despite that being inaccurate.

33.     When Plaintiffs and putative Class Members do attempt to take a meal breaks, such meal breaks are untimely, interrupted, subject to interruption, and/or shortened. As a result, Plaintiffs and putative Class Members are not provided duty-free, uninterrupted, and timely thirty-minute meal periods during which they should be completely relieved of any duty.

34.     Plaintiffs are informed, believe, and thereon allege that Defendants utilize and apply these meal break policies and practices across all of Defendants job sites throughout the United States.

35.     As a matter of common policy and/or practice, Defendants fail to provide Plaintiffs and Class Members reimbursement for all necessary expenditures or losses incurred by Plaintiffs and Class Members in direct consequence of the discharge of their duties, or as a result of their obedience to the directions of Defendants. Defendants systematically require Plaintiffs and Class members to utilize their own personal cell phones for communication between putative Class Members and Defendants throughout their shifts. Defendants do not reimburse Plaintiffs and Class Members for such expenses.

36.     Defendants' failure to record all hours worked, failure to reimburse for business expenses, and failure to provide compliant meal breaks also results in a failure to provide putative Class Members, including Plaintiffs, accurate itemized wage statements as required by California law. The wage statements Defendants provides are not accurate because they do not reflect payment for all hours worked, including minimum wage and overtime compensation, and premium pay for missed meal breaks, rest breaks, and second meal breaks.

37.     Additionally, Plaintiffs and putative Class members did not receive all wages during employment and following separation from employment, including minimum wages and overtime compensation, meal and rest period premium payments, and reimbursement for business expenses.

38.     On information and belief, putative Class Members report to locations owned, operated, or managed by Defendants to perform their jobs.

39.     On information and belief, Collective and Class Members perform their jobs under

Defendants supervision using materials and technology approved and supplied by Defendants (other than their personal cell phones).

40.    On information and belief, Collective and Class Members are required to follow and abide by Defendants' common work, time, and pay policies and procedures in the performance of their jobs.

41.    On information and belief, at the end of each pay period, Collective and Class Members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

42.    On information and belief, Defendants pays Collective and Class Members on an hourly rate basis.

43.    On information and belief, Defendants' method of paying Plaintiffs, Collective and Class Members is willful and not based on a good faith and reasonable belief that their conduct complied with Federal, California, and Washington law.

44.    On information and belief, Defendants unlawful conduct has been widespread, repeated, and consistent throughout Defendants' job sites throughout the United States.

45.    Defendants know or should know that their policies and practices are unlawful and unfair.

46.    Defendants' conduct is willful, carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

47.    Plaintiffs bring the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and a proposed collection of similarly situated employees defined as:

> **All current and former non-exempt, hourly janitorial employees of Service Management Systems, Inc., Township Building Services, Inc., and Township Retail Services, Inc. throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action. (the "Collective")**

48.    Plaintiffs, individually and on behalf of other similarly situated persons defined

above, seek relief on a collective basis challenging Defendants' policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from Defendants' records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

49.    Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiffs' FLSA claims are similar to the claims of the members of the Collective.

50.    The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

51.    Plaintiffs are representatives of the members of the Collective and are acting on behalf of their interests as well as their own interests in bringing this action.

52.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Collective.  Plaintiffs have retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

53.    The similarly situated members of the Collective are known to Defendants, are readily identifiable, and may be located through Defendants' records.  These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

54.    Plaintiffs contemplate providing a notice or notices to all of the employees, as approved by the Court, to be delivered via United States Mail and other means. The notice or notices shall, among other things, advise each of the FLSA employees that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA collective members who timely request inclusion in the class.

## **RULE 23 CLASS ACTION ALLEGATIONS**

55.     Plaintiffs bring causes of action as a class action on behalf of themselves and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

56.     The California Class that Plaintiff Flores Larios seeks to represent is defined as follows:

> **All current and former hourly and/or non-exempt janitorial employees of Service Management Systems, Inc., Township Building Services, Inc., and Township Retail Services, Inc. in California who worked for Defendants at any time during the time period starting four (4) years prior to the filing of this Complaint until the resolution of this action ("the California Class").**

57.     The Washington Class that Plaintiff Arroliga seeks to represent is defined as follows:

> **All current and former hourly and/or non-exempt janitorial employees of Service Management Systems, Inc., Township Building Services, Inc., and Township Retail Services, Inc. in Washington who worked for Defendants at any time during the time period starting three (3) years prior to the filing of this Complaint until the resolution of this action ("the Washington Class").**

58.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

     a.   **Numerosity**:   The potential members of the putative Class as defined are so numerous that joinder of all the members of the putative Class is impracticable. Upon information and belief there are hundreds, if not thousands, of putative Class Members.

     b.   **Commonality**:  There are questions of law and fact common to Plaintiffs and the putative Classes that predominate over any questions affecting only individual members of the putative Classes.   These common questions of law and fact include, but are not limited to:

        i.   Whether Defendants fail to compensate California Class Members for all hours worked, including minimum wages and overtime compensation, in violation of the Cal. Lab. Code and Wage Order 5;

       ii.   Whether Defendants fail to make available and/or provide California

9

Class Members with compliant meal periods to which they are entitled in violation of Cal. Lab. Code and Wage Order 5;

iii.  Whether Defendants fail to authorize and permit, make available, and/or provide California Class Members with compliant rest periods to which they are entitled in violation of Cal. Lab. Code and Wage Order 5;

iv.  Whether Defendants fail to fully reimburse California Class Members for all necessary business expenses made for the benefit of Defendants, in violation of the Cal. Lab. Code and Wage Order 5;

v.  Whether Defendants fail to provide California Class Members with timely, accurate itemized wage statements in violation of the Cal. Lab. Code and Wage Order 5;

vi.  Whether Defendants fail to pay to California Class Members with all wages owed upon separation of employment in violation of the Cal. Lab. Code and Wage Order 5;

vii.  Whether Defendants violate Business and Professions Code §§ 17200 *et seq.*, by:

(a)  failing to compensate California Class Members for all hours worked, including at minimum wages and overtime compensation;

(b)  failing to authorize and permit, make available, and/or provide California Class Members compliant meal and rest periods to which they are entitled;

(c)  failing to provide California Class Members with timely, accurate itemized wage statements;

(d)  failing to reimburse California Class Members for all necessary business expenses made for the benefit of Defendants; and

(e)  failing to provide California Class Members with all wages owed upon separation of employment.

viii. Whether Defendants fail to pay Washington Class Members for all hours worked, including minimum wages and overtime compensation;

ix. Whether Defendants fail to provide Washington Class Members to take a bona fide and uninterrupted meal break to which they were entitled under Washington law;

x. Whether Defendants fail to provide Washington Class Members to take bona fide and uninterrupted rest breaks to which they were entitled under Washington law;

xi. Whether Defendants fail to provide Plaintiff and Washington Class Members with timely, accurate itemized wage statements in violation of Washington law;

xii. Whether Defendants' policy and practice of failing to pay Plaintiffs and Washington Class Members all wages due upon the end of their employment violated Washington law;

b. **Typicality:** Plaintiffs' claims are typical of the claims of the California and Washington Classes. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiffs, California and Washington Classes to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

c. **Adequacy of Representation:** Plaintiffs are a member of the putative Classes, do not have any conflicts of interest with other putative Class Members, and will prosecute the case vigorously on behalf of the putative Classes. Counsel representing Plaintiffs is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.

d. **<u>Superiority of Class Action</u>**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed putative Class Members is not practicable, and questions of law and fact

common to the California Class and Washington Class predominate over any questions affecting only individual members of the Classes. Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

59.    In the alternative, the Classes may be certified because the prosecution of separate actions by the individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the California Class or Washington Class, which would establish incompatible standards of conduct for Defendants.

60.    If each individual putative Class Member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Classes with Defendants' vastly superior financial legal resources.

61.    Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**FIRST CAUSE OF ACTION**

**Failure to Pay Overtime**

**Pursuant to 29 U.S.C. §§ 201, *et seq.***

**(Plaintiffs and on Behalf of the Collective)**

62.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

63.    The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week.  29 U.S.C. § 207(a)(1).

64.    At all times material herein, Plaintiffs and the Collective are covered employees

entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

65.    Defendants are covered employers required to comply with the FLSA's mandates.

66.    Defendants have violated the FLSA with respect to Plaintiffs and the Collective, by, inter alia, failing to compensate them for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium. *See* 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendants also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiffs and the Collective.  29 U.S.C. § 211(c).

67.    Plaintiffs and the Collective are victims of a uniform and company-wide compensation policy and/or practice. This uniform policy and/or practice, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendants, working throughout the United States.

68.    Plaintiffs and the Collective are entitled to damages equal to their unpaid overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

69.    Defendants acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

70.    As a result of the aforesaid violations of the FLSA's provisions, overtime pay has been unlawfully withheld by Defendants from Plaintiffs and the Collective.  Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

71.    Wherefore, Plaintiffs and the Collective request relief as hereinafter provided.

/ / /

/ / /

1

## SECOND CAUSE OF ACTION

2

**Failure to Pay Minimum Wages for All Hours Worked**

3

**Pursuant to Cal. Lab. Code §§ 1182.12, 1194, 1197, 1197.1, and 1198**

4

**(On Behalf of Plaintiff Flores Larios and the California Class Against Defendants)**

5        72.    Plaintiff Flores Larios realleges and incorporates the foregoing paragraphs as though

6    fully set forth herein.

7        73.    During the applicable statutory period, Cal. Lab. Code §§ 1182.12, 1194, and 1197,

8    1197.1, 1198 and IWC Wage Order No. 5-2001(4) were in full force and effect, and required that

9    Defendants' hourly employees receive the minimum wage for all hours worked irrespective of

10   whether nominally paid on a piece rate, or any other basis at the rate of fourteen dollars ($14.00) per

11   hour commencing January 1, 2021; at the rate of fifteen dollars ($15.00) commencing January 1,

12   2022; at the rate of fifteen dollars and fifty cents ($15.50) commencing January 1, 2023; and at the

13   rate of sixteen dollars ($16.00) commencing January 1, 2024.

14       74.    Cal. Lab. Code § 1197.1 provides, in relevant part:

15   (a) Any employer or other person acting either individually or as an officer, agent, or
     employee of another person, who pays or causes to be paid to any employee a wage
16   less than the minimum fixed by an applicable state or local law, or by an order of the
     commission, shall be subject to a civil penalty, restitution of wages, liquidated
17   damages payable to the employee, and any applicable penalties imposed pursuant to
     Section 203 as follows: (1) For any initial violation that is intentionally committed,
18   one hundred dollars ($100) for each underpaid employee for each pay period for which
     the employee is underpaid. This amount shall be in addition to an amount sufficient to
19   recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any
     applicable penalties imposed pursuant to Section 203. (2) For each subsequent
20   violation for the same specific offense, two hundred fifty dollars ($250) for each
     underpaid employee for each pay period for which the employee is underpaid
21   regardless of whether the initial violation is intentionally committed. This amount
     shall be in addition to an amount sufficient to recover underpaid wages, liquidated
22   damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant
     to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed
23   pursuant to Section 203, recovered pursuant to this section shall be paid to the affected
     employee.
24

25

26       75.    Cal. Lab. Code §1194 states:

27   Notwithstanding any agreement to work for a lesser wage, any employee receiving
     less than the legal minimum wage or the legal overtime compensation applicable to
28   the employee is entitled to recover in a civil action the unpaid balance of the full
     amount of this minimum wage or overtime compensation, including interest thereon,

14

reasonable attorney's fees, and costs of suit.

76.    IWC Wage Order 5-2001(2)(L) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

77.    Cal. Lab. Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

78.    Cal. Lab. Code §1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

79.    Defendants willfully engaged in and continues to engage in a policy and practice of not compensating Plaintiff Flores Larios and California Class Members for all hours worked, including minimum wage, or spent in Defendants' control.

80.    Plaintiff Flores Larios and California Class Members are denied minimum wage compensation, which they are lawfully owed pursuant to Cal. Lab. Code § 1182.12.

81.    Defendants fail to track Plaintiff Flores Larios and California Class Members' actual hours worked, and consequently fail to pay Plaintiff Flores Larios and California Class Members for all hours worked, including minimum wage. In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff Flores Larios and California Class Members with at least minimum wage compensation for all time worked.

82.    Therefore, Defendants have committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff Flores Larios and California Class Members' rights. Plaintiff Flores Larios and California Class Members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

83.    Defendants have maintained policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage.

84.     As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff Flores Larios and California Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Cal. Lab. Code §§ 1194, 1194.2, and 1197.1.

85.     Wherefore, Plaintiff Flores Larios and the California Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION

**Failure to Pay Minimum Wages for All Hours Worked**

**Pursuant to RCW 49.46.090**

**(On Behalf of Plaintiff Arroliga and the Washington Class Against Defendants)**

86.     Plaintiff Arroliga re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

87.     Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act. If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount due to such employee, less any amount actually paid to the employee, and for costs and such reasonable attorney's fees as may be allowed by the court.

88.     As described above, Defendants enacts a policy and practice that deprives Plaintiff Arroliga and Washington Class Members compensation for all hours worked, including work pre- and post-shift off-the-clock work which results in Washington Class Members performing work that goes uncompensated. As a result, Defendants fails to pay Plaintiff Arroliga and Washington Class Members all wages due in violation of RCW 49.46.090.

### FOURTH CAUSE OF ACTION

**Failure to Pay Overtime Wages**

**Pursuant to Cal. Lab. Code § 510**

**(On Behalf of Plaintiff Flores Larios and the California Class Against Defendants)**

89.     Plaintiff Flores Larios realleges and incorporates the foregoing paragraphs as though

1    fully set forth herein.

2    90.    Defendants do not compensate Plaintiff Flores Larios and California Class Members

3    at the appropriate overtime rate, as required by California law.

4    91.    Cal. Lab. Code § 510 provides, in pertinent part, that:

5    Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in
     one workday and any work in excess of 40 hours in any one workweek and the first
6    eight hours worked on the seventh day of work in any one workweek shall be
     compensated at the rate of no less than one and one-half times the regular rate of pay
7    for an employee. Any work in excess of 12 hours in one day shall be compensated at
     the rate of no less than twice the regular rate of pay for an employee. In addition, any
8    work in excess of eight hours on any seventh day of a workweek shall be compensated
     at the rate of no less than twice the regular rate of pay of an employee.

9

10    92.    The IWC Wage Order 5-2001(3)(A)(1) states:

11

12    The following overtime provisions are applicable … employees shall not be employed
      more than eight (8) hours in any workday or more than 40 hours in any workweek
13    unless the employee receives one and one-half (1 ½) times such employee's regular
      rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of
14    labor constitutes a day's work. Employment beyond eight (8) hours in any workday or
      more than six (6) days in any workweek is permissible provided the employee is
15    compensated for such overtime at not less than: . . . One and one-half (1 ½) times the
      employee's regular rate of pay for all hours worked in excess of eight (8) hours up to
16    and including 12 hours in any workday, and for the first eight (8) hours worked on the
      seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's
17    regular rate of pay for all hours worked in excess of 12 hours in any workday and for
      all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of
18    work in a workweek.

19    93.    Cal. Lab. Code § 1194(a) provides that:

20    Notwithstanding any agreement to work for a lesser wage, any employee receiving
      less than the legal minimum wage or the legal overtime compensation applicable to
21    the employee is entitled to recover in a civil action the unpaid balance of the full
      amount of this minimum wage or overtime compensation, including interest thereon,
22    reasonable attorneys' fees, and costs of suit.

23    94.    Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees

24    of every description, whether the amount is fixed or ascertained by the standard of time, task, piece,

25    commission basis or other method of calculation."  All such wages are subject to California's

26    overtime requirements, including those set forth above.

27    95.    Plaintiff Flores Larios and California Class Members work overtime hours for

28    Defendants without being paid overtime premiums, or when paid overtime premiums not being paid

1    at the appropriate rate in violation of the Cal. Lab. Code, the applicable IWC Wage Order, and other

2    applicable law.

3        96.    Defendants have knowingly and willfully refused to perform their obligation to

4    provide Plaintiff Flores Larios and California Class Members with premium wages for all overtime

5    work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff

6    Flores Larios and California Class Members in amounts to be determined according to proof at time

7    of trial.

8        97.    Defendants are liable to Plaintiff Flores Larios and California Class Members alleged

9    herein for the unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff

10   Flores Larios is entitled to an award of attorneys' fees and costs as set forth below.

11       98.    Wherefore, Plaintiff Flores Larios and the California Class request relief as hereinafter

12   provided.

13                          **FIFTH CAUSE OF ACTION**

14                          **Failure to Pay Overtime**

15                          **Pursuant to RCW 49.46.130**

16      **(On Behalf of Plaintiff Arroliga and the Washington Class Against Defendants)**

17       99.    Plaintiff Arroliga re-alleges and incorporates the foregoing paragraphs as though fully

18   set forth herein.

19       100.   Pursuant to RCW 49.46.130(1), Defendants are required to pay Plaintiff Arroliga and

20   Washington Class members one and one-half times their regular rate of pay for all hours worked in

21   excess of forty in a given workweek, when those wages were due, but willfully failed to do so.

22       101.   RCW 49.46.090(1) states that:

23       Any employer who pays any employee less than the amounts to which such employee
         is entitled under or by virtue of this chapter, shall be liable to such employee affected
24       for the full amount due to such employee under this chapter, less any amount actually
         paid to such employee by the employer, and for costs and such reasonable attorney's
25       fees as may be allowed by the court. Any agreement between such employee and the
         employer allowing the employee to receive less than what is due under this chapter
26       shall be no defense to such action.

27

28   / / /

102. Plaintiff Arroliga and Washington Class members are entitled to recover unpaid overtime under Washington law, and they are also entitled to declaratory relief stating Defendants violated the statute, and continue to violate the statute, by requiring Washington Class Members to perform pre- and post-shift work duties while off-the-clock as described above.

103. Plaintiff Arroliga further seeks declaratory relief stating Defendants are in violation of RCW 49.46.130 for failing to compensate Washington Class Members for work performed for the benefit of Defendants that was uncompensated.

104. Plaintiff Arroliga and Washington Class Members who are within the applicable three-year statute of limitations are entitled to collect the difference between the wages received that were then due and the overtime wages due in an amount to be proven at trial, together with double damages (RCW 49.52.070), attorney fees, costs and disbursements (RCW 49.12.150; RCW 49.48.030), civil penalties (RCW 49.12.170), as well as pre-and post-judgment interest at the rate of 12% per annum (RCW 19.52.020).

## SIXTH CAUSE OF ACTION

### Failure to Provide and/or Make Available Meal Periods

### Pursuant to Cal. Lab. Code §§ 226.7 and 512

### (On Behalf of Plaintiff Flores Larios and the California Class Against Defendants)

105. Plaintiff Flores Larios realleges and incorporates the foregoing paragraphs at though fully set forth herein.

106. Defendants routinely fail to provide or make available compliant meal periods to Plaintiff Flores Larios and California Class Members.

107. Defendants' policies prohibit Plaintiff Flores Larios and California Class Members from taking their off-duty meal period without interruption. Class Members regularly take their meal period after their fifth hour of work. Further, Plaintiff Flores Larios and California Class Members do not receive the requisite premium pay for their non-compliant meal breaks as required by California law.

108. Cal. Lab. Code §§ 226.7 and 512 and the applicable Wage Order require Defendants to provide or make available meal periods to its employees. Cal. Lab. Code §§ 226.7 and 512 and

the Wage Orders prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty (30) minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes.

109.    Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Order 5-2001(11)(A).

110.    Under Cal. Lab. Code § 226.7(b) and the applicable Wage Order, an employer who fails to provide or make available a required meal period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided or made available.

111.    Despite these requirements, Defendants have knowingly and willfully refused to perform their obligation to provide or make available to Plaintiff Flores Larios and California Class Members the ability to take the off-duty meal periods to which they are entitled.

112.    Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiff Flores Larios and California Class Members are entitled to compensation for the failure to provide or make available meal periods, plus interest, attorneys' fees, expenses and costs of suit.

113.    As a proximate result of the aforementioned violations, Plaintiff Flores Larios and California Class Members have been damaged in an amount according to proof at time of trial.

114.    Wherefore, Plaintiff Flores Larios and California Class Members request relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION

**Failure to Authorize and Permit and/or Make Available Rest Periods**

**Pursuant to Cal. Lab. Code §§ 226.7**

**(On Behalf of Plaintiff Flores Larios and the California Class Against Defendants)**

115.    Plaintiff Flores Larios realleges and incorporates the foregoing paragraphs at though fully set forth herein.

116.    Cal. Lab. Code §§ 226.7 and the applicable Wage Order require employers to authorize

and permit non-exempt workers to take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay non-exempt workers their full wages during those rest periods. Unless the employee is relieved of all duty during the ten-minute rest period, the employee is considered "on duty" and the rest period is counted as time worked under the applicable Wage Orders.

117.    Under Cal. Lab. Code § 226.7(b) an employer must pay an employee denied a required rest period is required to pay one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

118.    Despite these requirements, Defendants knowingly and willfully refuse to perform its obligations to authorize and permit and/or make available to Plaintiff Flores Larios and California Class Members their rest periods.

119.    Plaintiff Flores Larios and California Class Members also do not receive premium pay for their missed rest breaks as required by California law.

120.    Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiff Flores Larios and California Class Members are entitled to compensation for the failure to authorize and permit and/or make available rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

121.    As a proximate result of the aforementioned violations, Plaintiff Flores Larios and California Class Members have been damaged in an amount according to proof at time of trial.

122.    Wherefore, Plaintiff Flores Larios and the California Class request relief as hereinafter provided.

**EIGHT CAUSE OF ACTION**

**Failure to Provide Meal and Rest Breaks**

**Pursuant to RCW 49.120.020 and WAC 296-126-092**

**(On Behalf of Plaintiff Arroliga and the Washington Class Against Defendants)**

123.    Plaintiff Arroliga re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

124.    RCW 49.120.010 provides:

The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect.

125.    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

126.    Pursuant to RCW 49.12.005(5) and WAC 296-126-002(9), conditions of labor "means and includes the conditions of rest and meal periods" for employees.

127.    WAC 296-126-092 provides:

(1) Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

(2) No employee shall be required to work more than five consecutive hours without a meal period.

(3) Employees working three or more hours longer than a normal work day shall be allowed at least one thirty-minute meal period prior to or during the overtime period.

(4) Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period.

(5) Where the nature of the work allows employees to take intermittent rest periods equivalent to ten minutes for each four hours worked, scheduled rest periods are not required.

128.    Defendants implemented a policy and practice that prevents Plaintiff Arroliga and Washington Class Members from taking a 30-minute meal break. Plaintiff Arroliga and Washington Class Members are instead expected to remain on-duty throughout the course of their shifts.

129.    Because Plaintiff Arroliga and Washington Class Members were not relieved of all duties during their meal breaks, Defendants' failure to provide meal periods was and is in violation of WAC 296-126-092.

130.    Because Plaintiff Arroliga and Washington Class members have failed to receive the rest breaks to which they were entitled, Defendants have violated WAC 296-126-092.

131.    Plaintiff Arroliga and Washington Class members are entitled to recover unpaid wages at one and one-half times their regular hourly rate for all time owed by Defendants for missed rest

1    and meal breaks.

2    132.    As a result of these unlawful acts, Plaintiff Arroliga and the Washington Class

3    members have been deprived of compensation in amounts to be determined at trial, and Plaintiff

4    Arroliga and the Washington Class members are entitled to the recovery of such damages, including

5    interest thereon, and attorneys' fees and costs under RCW 49.48.030.

6    <u>**NINTH CAUSE OF ACTION**</u>

7    **Failure to Reimburse for Necessary Business Expenses**

8    **Pursuant to Labor Code § 2802**

9    **(On Behalf of Plaintiff Flores Larios and the California Class Against Defendants)**

10    133.    Plaintiff Flores Larios re-alleges and incorporates the foregoing paragraphs as though

11    fully set forth herein.

12    134.    Labor Code § 2802 provides, in relevant part:

13

14    An employer shall indemnify his or her employee for all necessary
      expenditures or losses incurred by the employee in direct consequence of the discharge
      of his or her duties, or of his or her obedience to the directions of the employer, even
15    though unlawful, unless the employee, at the time of obeying the directions, believed
      them to be unlawful. … For the purposes of this section, the term "necessary
16    expenditures or losses" shall include all reasonable costs, including, but not limited to,
      attorney's fees incurred by the employee enforcing the rights granted by this section.
17

18    135.    Defendants regularly require Plaintiff Flores Larios and California Class Members to

19    use their personal cell phones for job related tasks, phone calls and text messages. The Defendants

20    do not reimburse Plaintiff Flores Larios and California Class Members for these necessary

21    expenditures or losses incurred by Plaintiff Flores Larios and California Class Members.

22    136.    Defendants are liable to Plaintiff Flores Larios and California Class Members for the

23    unreimbursed expenses and penalties, with interest thereon.

24    137.    As a proximate result of the aforementioned violations, Plaintiff Flores Larios and the

25    California Class have been damaged in an amount according to proof at time of trial. Plaintiff Flores

26    Larios and the California Class are also entitled to recover penalties, interest, attorneys' fees,

27    expenses, costs of suit, and/or other relief pursuant to statute.

28    138.    Wherefore, Plaintiff Flores Larios and the California Class request relief as hereinafter

1    provided.

2    **TENTH CAUSE OF ACTION**

3    **Failure to Provide Accurate Itemized Wage Statements**

4    **Pursuant to Cal. Lab. Code §§ 226, 226.3, and 226.6**

5    **(On Behalf of Plaintiff Flores Larios and the California Class Against Defendants)**

6    139.    Plaintiff Flores Larios realleges and incorporates the foregoing paragraphs as though

7    fully set forth herein.

8    140.    Defendants do not provide Plaintiff Flores Larios and California Class Members with

9    accurate itemized wage statements as required by California law.

10    141.    Cal. Lab. Code § 226(a) provides that:

11    Every employer shall, semimonthly or at the time of each payment of wages, furnish
    each of his or her employees, either as a detachable part of the check, draft, or voucher
12    paying the employee's wages, or separately when wages are paid by personal check
    or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2)
13    total hours worked by the employee, except for any employee whose compensation is
    solely based on a salary and who is exempt from payment of overtime under
14    subdivision (a) of Section 515 or any applicable order of the Industrial Welfare
    Commission, (3) the number of piece-rate units earned and any applicable piece rate
15    if the employee is paid on a piece-rate basis, (4) all deductions, provided that all
    deductions made on written orders of the employee may be aggregated and shown as
16    one item, (5) net wages earned, (6) the inclusive dates of the period for which the
    employee is paid, (7) the name of the employee and his or her social security number,
17    (8) the name and address of the legal entity that is the employer, and (9) all applicable
    hourly rates in effect during the pay period and the corresponding number of hours
18    worked at each hourly rate by the employee. The deductions made from payments of
    wages shall be recorded in ink or other indelible form, properly dated, showing the
19    month, day, and year, and a copy of the statement or a record of the deductions shall
    be kept on file by the employer for at least four years at the place of employment or at
20    a central location within the State of California.

21    142.    The IWC Wage Order also establishes this requirement. (*See* IWC Wage Orders 5-

22    2001(7)(B).

23    143.    Cal. Lab. Code § 226.3 provides, in relevant part:

24
    Any employer who violates subdivision (a) of Section 226 shall be subject to a civil
25    penalty in the amount of two hundred fifty dollars ($250) per employee per violation
    in an initial citation and one thousand dollars ($1,000) per employee for each violation
26    in a subsequent citation, for which the employer fails to provide the employee a wage
    deduction statement or fails to keep the records required in subdivision (a) of Section
27    226.

28    144.    Cal. Lab. Code 226.6 provides, in relevant part:

Any employer who knowingly and intentionally violates the provisions of Section 226, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court.

145.    Cal. Lab. Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

146.    Defendants do not provide timely, accurate itemized wage statements to Plaintiff Flores Larios and California Class Members in accordance with Cal. Lab. Code § 226(a) and the IWC Wage Orders. The wage statements Defendants provide their employees, including Plaintiff Flores Larios and California Class Members, do not accurately reflect all hours actually worked, actual gross wages earned and/or actual net wages earned, including minimum wages and overtime, and the resulting violations described herein.

147.    Defendants are liable to Plaintiff Flores Larios and the California Class Members for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff Flores Larios is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Cal. Lab. Code § 226(e).

148.    Wherefore, Plaintiff Flores Larios and the California Class request relief as hereinafter provided.

## ELEVENTH CAUSE OF ACTION

### Waiting Time Penalties

### Pursuant to Cal. Lab. Code §§ 201-203

### (On Behalf of Plaintiff Flores Larios and the California Class Against Defendants)

149.    Plaintiff Flores Larios realleges and incorporates the foregoing paragraphs as though fully set forth herein.

150.    Defendants do not provide California Class Members with their wages when due under California law after their employment with Defendants end.

151.    Cal. Lab. Code § 201 provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

152.    Cal. Lab. Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or him wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

153.    Cal. Lab. Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

154.    Plaintiff Flores Larios and some of the California Class members left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from unpaid overtime wages.

155.    Defendants willfully refuse and continue to refuse to pay Plaintiff Flores Larios and California Class members all minimum and overtime wages due at the correct regular rate of pay upon the end of their employment. As a result of Defendants' actions, Plaintiff Flores Larios and California Class Members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

156.    Defendants' willful failure to pay Plaintiff Flores Larios and California Class Members the wages due and owing them constitutes a violation of Cal. Lab. Code §§ 201-202. As a result, Defendants are liable to Plaintiff Flores Larios and California Class Members for all penalties owing pursuant to Cal. Lab. Code §§ 201-203.

157.    In addition, Cal. Lab. Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, Plaintiff Flores Larios and California Class Members are entitled to penalties pursuant to Cal. Lab. Code § 203, plus interest.

158.    Wherefore, Plaintiff Flores Larios and California Class members request relief as hereinafter provided.

**TWELFTH CAUSE OF ACTION**

**Failure to Pay Wages Owed at Termination**

**Pursuant to RCW 49.48.010**

**(On Behalf of Plaintiff Arroliga and the Washington Class Against Defendants)**

159.    Plaintiff Arroliga re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

160.    RCW 49.48.010 provides that "[w]hen any employee shall cease work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period."

161.    By the actions alleged above, Defendants have violated and continue to violate the provisions of RCW 49.48.010.

162.    As a result of the unlawful acts of Defendants, Plaintiff Arroliga and Washington Class Members have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.48.030, Plaintiff Arroliga and the Washington Class Members are entitled to such damages, including interest thereon, as well as attorneys' fees and costs.

**THIRTEENTH CAUSE OF ACTION**

**Willful Refusal to Pay Wages**

**Pursuant to RCW 49.52.050**

**(On Behalf of Plaintiff Arroliga and the Washington Class Against Defendants)**

163.    Plaintiff Arroliga re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

164.    RCW 49.52.050(2) provides that any employer or agent of any employer who "[w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

165.    RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

166.    An employer's nonpayment of wages is willful and made with intent "when it is the result of knowing and intentional action and not the result of bona fide dispute as to the obligation of payment." *Wingert v. Yellow Freight Sys., Inc.*, 146 Wash. 2d 841, 849 (2002) (quoting *Chelan Cnty. Deputy Sheriffs' Ass'n v. Chelan County*, 109 Wash. 2d 282, 300 (1987)).

167.    Defendants intentionally fail to pay all wages owed to Plaintiff Arroliga and the Washington Class, including overtime wages and regular hourly rate wages, by requiring Washington Class Members to perform work that goes uncompensated during pre- and post-shift duties. Defendants knew or should have known that their employment policies violated Washington law, and their failure to pay wages owed to Plaintiff Arroliga and the Washington Class was "willful" under RCW 49.52.050(2).

168.    Because Defendants' failure to pay wages owed was "willful," Plaintiff Arroliga and the Washington Class Members are entitled to double recovery pursuant to RCW 49.52.070.

## FOURTEENTH CAUSE OF ACTION

### Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

### (On Behalf of Plaintiff Flores Larios and the California Class Against Defendants)

169.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

170.    The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

171.    Cal. Bus. & Prof. Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

172.    Cal. Lab. Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

173.    Beginning at an exact date unknown to Plaintiff Flores Larios, but at least since the date four years prior to the filing of this lawsuit, Defendants have committed acts of unfair

competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

      a.   violations of Cal. Lab. Code §§ 225.5, 1182.12, 1194, 1997, 1197.1, 1198 and IWC Wage Order 5-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

      b.   violations of Cal. Lab. Code § 510 and IWC Wage Order 5-2001 pertaining to overtime;

      c.   violations of Cal. Lab. Code §§ 226.7 and 512 and Wage Order 5-2001 pertaining to meal and rest breaks;

      d.   violations of Cal. Lab. Code § 2802 pertaining to reimbursement of business expenditures;

174.   The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

175.   The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Cal. Bus. & Prof. Code §§ 17200, *et seq*.  Among other things, the acts and practices have taken from Plaintiff Flores Larios and the California Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

176.   Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

177.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff Flores Larios and California Class Members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable.

178.   Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff Flores Larios and California Class Members are entitled to restitution pursuant to Cal. Bus.

& Prof. Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff Flores Larios' success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff Flores Larios sues on behalf of himself as well as others similarly situated. Plaintiff Flores Larios and California Class Members seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owed to them.

179. Plaintiff Flores Larios herein takes upon himself enforcement of these laws and lawful claims.

180. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff Flores Larios by forcing him to pay attorneys' fees from any recovery thereof. Attorneys' fees are appropriate pursuant to Cal. Code Civ. Procedure § 1021.5 and otherwise.

181. Wherefore, Plaintiff Flores Larios and the California Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for relief as follows:

a. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, Cal. Lab. Code, Cal. Bus. & Prof. Code, Wash. Rev. Code, and Wash. Admin. Code;

b. An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

c. An order finding that Defendants violated the FLSA;

d. An order finding Defendants violated the FLSA willfully;

e. All unpaid wages due under the FLSA;

f. An equal amount as liquidated damages as allowed under the FLSA;

g. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

h. For an equitable accounting to identify, locate, and restore to all current and former

employees the wages they are due, with interest thereon;

i.      For an order awarding Plaintiffs, Collective putative Class Members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, and all other sums of money owed to Plaintiffs, Collective, and Class Members, together with interest on these amounts, according to proof;

j.      All attorneys' fees, costs, and disbursements as provided by FLSA, California and Washington laws;

k.      For all costs of suit;

l.      For interest as provided by applicable law; and

m.      For such other and further relief as this Court deems just and proper.

Dated: August 23, 2024                         Respectfully Submitted,

Carolyn H. Cottrell
Ori Edelstein
Robert E. Morelli, III*
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**

*Attorneys for Plaintiff and the putative Class*

*\*Admission pro hac vice anticipated*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Flores Larios, et al v. Service Management Systems, Inc., et al*

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demands a jury trial on all claims and issues for which Plaintiffs are entitled to a jury.

Dated: August 23, 2024

Respectfully Submitted,

Carolyn H. Cottrell
Ori Edelstein
Robert E. Morelli, III*
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**

*Admission pro hac vice anticipated*

*Attorneys for Plaintiff and the putative Class*

32